**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES J. BAKER, III, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LUZERNE COUNTY, YOUTH AND FAMILIES, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:26-CV-00028<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a complaint filed by Plaintiffs James J. Baker, III and Raquel Santana (together "Plaintiffs") against Defendants Luzerne County Children Youth and Family Services ("LCCYFS"), Jackie Silveri ("Silveri"), the Ashley Borough Police Department (the "Police Department"), and Jordan J. Pardini ("Pardini") (collectively, "Defendants"). (Doc. 1). On August 28, 2026, the Court issued an order dismissing Plaintiffs' complaint and requiring Plaintiffs to file an amended complaint within twenty-one days. (Doc. 11). Since that date, Plaintiffs have failed to file an amended complaint. This action will be **DISMISSED** for failure to prosecute.

## I. BACKGROUND AND PROCEDURAL HISTORY

In their January 7, 2026 complaint, Plaintiffs allege that their minor child was wrongfully removed from their family home by Defendants. (Doc. 1, at 2). Plaintiffs allege that the removal of the minor child was conducted without due process, legal justification, or proper notice and Defendants' actions were of a retaliatory nature. (Doc. 1, at 2). Further, Plaintiffs claim that as a result of Defendants' removal of the child, Plaintiffs and the minor child suffered emotional distress, pain and suffering, and other damages. (Doc. 1, at 2).

On January 7, 2026, Plaintiffs initiated this *pro se* action by filing a complaint. (Doc. 1). On January 8, 2026, Plaintiffs filed motions to proceed *in forma pauperis*. (Doc. 5; Doc. 6). On January 20, 2026, Magistrate Judge Phillip J. Caraballo granted Plaintiffs' motions. (Doc. 9). On August 3, 2026, Magistrate Judge Martin C. Carlson screened the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and recommended that the Court dismiss the complaint without prejudice to Plaintiffs' ability to file an amended complaint. (Doc. 10). Plaintiffs failed to file objections to Judge Carlson's report and recommendation (the "Report"). (Doc. 11, at 2). On August 28, 2026, the Court adopted Judge Carlson's Report in its entirety and dismissed Plaintiffs' complaint. (Doc. 11, at 3). The Court granted Plaintiffs twenty-one days to file an amended complaint on or before September 8, 2026. To date, Plaintiffs have failed to respond to or otherwise follow the Court's order.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *see Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute their action, and therefore, the action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b).

A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984).

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." *Mindek*, 964 F.2d at 1373. No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *see Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt,* 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)).

## III. DISCUSSION

### 1. Plaintiffs' Personal Responsibility

The Court finds that the first *Poulis* factor, the extent of Plaintiffs' personal responsibility, weighs in favor of dismissal because the delays in this case are entirely attributable to Plaintiffs. 747 F.2d at 868. Plaintiffs failed to object to Judge Carlson's Report and failed to file an amended complaint by September 8, 2026. Plaintiffs have further failed

to respond the Court's order or otherwise participate in the litigation.[1] Accordingly, the first *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

**2. Prejudice to the Moving Party**

The second *Poulis* factor assesses whether there is prejudice to the moving party. 747 F.2d at 868. Although Defendants have filed no motion or response since the filing of the complaint, the Court finds that the second factor weighs in favor of dismissal. A finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Plaintiffs' failure to follow the Court's order has frustrated and delayed resolution of this action. Going forward, such failure to litigate would prejudice Defendants because Defendants could not seek a timely resolution of the case. *See Vessio v. Saw Creek Ests. Cmty. Ass'n, Inc.*, No. CIV.A. 3:13-2068, 2014 WL 6065924, at *5 (M.D. Pa. Nov. 6, 2014) (finding the second *Poulis* factor favors dismissal when a plaintiff failed to engage in litigating the claims). Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

**3. History of Dilatoriness**

---

[1] On September 14, 2026, the Court's previous order was returned to the Court marked as "Mail Returned as Undeliverable" (Doc. 12; Doc. 13). Plaintiffs' failure to participate in this litigation includes their failure to comply with the Local Rules of this Court and update their address with the Court. Without Plaintiffs doing so, the Court is rendered incapable of communicating with them. *See Brewington v. Tritt*, 2016 WL 1658332, at *3 (M.D.Pa. 2016); *citing Gieniec v. Smith,* No.3:09–cv–02330, 2011 WL 6130723, at *1 (M.D. Pa. Dec. 8, 2011) ("Plaintiff is proceeding *pro se,* and thus is responsible for ... informing the Court of his address, responding to discovery requests, and complying with Court orders.").

The third *Poulis* factor, the history of dilatoriness on the Plaintiffs' part, is a neutral factor in this case. While Plaintiffs have begun to demonstrate a pattern of dilatoriness, failure to comply with one or two court orders does not constitute a full history of dilatoriness. *See Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (stating "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness'"). However, "no one *Poulis* factor is dispositive, and not all factors must be satisfied for the plaintiff's case to be dismissed." *Moffa v. Yellen*, No. 1:22-CV-565, 2023, WL 8361793, at *3 (M.D. Pa. Nov. 13, 2023), *report and recommendation adopted Moffa v. Yellen*, No. 1:22-CV-00565, 2023 WL 8359904 (M.D. Pa. Dec. 1, 2023).

**4. Willful Conduct or Bad Faith**

The fourth *Poulis* factor, willful conduct or bad faith also weighs in favor of dismissal. 747 F.2d at 868. The fourth *Poulis* factor requires the Court to consider whether Plaintiffs' conduct reflects mere inadvertence or negligence, as opposed to "intentional or self-serving behavior." *Adams*, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). Here, Plaintiffs' failure to file objections to Judge Carlson's Report and their failure to file an amended complaint by September 8, 2026 demonstrate a "complete indifference" to directives of the Court, giving rise to contumacious, bad-faith behavior. *Dively*, 2012 WL 1865414, at *5 (W.D. Pa. Apr. 23, 2012) (finding that a party's "complete indifference" to court supported a finding of bad faith); *see Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) (stating a the "[a]bsence of reasonable excuses may suggest that the conduct was willful or

bad faith.") (citing *Ware*, 322 F.3d at 224). Thus, the fourth *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

**5. Availability of Alternative Sanctions**

The fifth *Poulis* factor, the effectiveness of sanctions other than dismissal, weighs in favor of dismissal. 747 F.2d at 868. Dismissal is appropriate, however, where no effective alternative sanction exists. *See Briscoe*, 538 F.3d at 263; *see also New-Howard v. JP Morgan Chase Bank, NA*, 660 F. App'x 144, 148 (3d Cir. 2016) (affirming dismissal with prejudice when plaintiff failed to comply with pretrial orders which prejudiced defendant's preparations for trial). When a plaintiff is proceeding *pro se* no alternative sanctions other than dismissal exist "because monetary sanctions, including attorney's fees, "would not be an effective alternative."" *Briscoe*, 538 F.3d at 263 (citing *Emerson*, 296 F.3d at 191). The history of dilatoriness exhibited in this case leads the Court not to expect compliance from Plaintiffs. *Mindek*, 964 F.2d at 1374 (noting that a district court "may find it necessary to dismiss a litigant's complaint as a sanction for repeated failure to satisfy court orders"). Accordingly, the fifth *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

**6. Meritoriousness of Plaintiffs' Claims**

The final *Poulis* factor, the meritoriousness of Plaintiffs' claims, weighs in favor of dismissal. 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869–70). Here, the Court is unable to determine the meritoriousness of Plaintiffs' claims because, assuming for the sake of argument that Plaintiffs' claims have

merit, consideration of this factor cannot save their case because they are now wholly noncompliant with their obligations as a litigant. *See Woods v. Pennsylvania Department of Corrections*, No. 3:21-CV-2087, 2023 WL 2673946, at *5 (M.D. Pa. Mar. 2, 2023), *report and recommendation adopted by Woods v. Pennsylvania Department of Corrections,* No. 3:21-CV-2087, 2023 WL 2666696 (M.D. Pa. Mar 28, 2023) (finding that if a plaintiff is wholly noncompliant with court orders, the Court cannot decide the meritoriousness of the lawsuit). Accordingly, the sixth *Poulis* factor weighs in favor of dismissal.

#### 7. Balancing the *Poulis* Factors

The *Poulis* factors weigh heavily in favor of dismissal. 747 F.2d at 868. When weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal. *Briscoe*, 538 F.3d at 263. Instead, "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222. Here, on balance, the *Poulis* factors weigh heavily in favor of dismissal of this action for lack of prosecution. Accordingly, the Court will dismiss this action for failure to prosecute. (Doc. 1).

## IV. CONCLUSION

For these reasons, this action is **DISMISSED with prejudice** for failure to prosecute. Given Plaintiffs' abandonment of the litigation and their prior opportunity to amend, the Court denies additional leave and dismisses this case with prejudice. *See McMillen v. Wetzel*, No. 3:20-CV-192, 2022 WL 4940050, at *1 (W.D. Pa. Oct. 4, 2022) (dismissing a case with prejudice for failure to prosecute when the *Poulis* factors weighed in favor of dismissal and the plaintiff failed to respond to court orders); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *see also Murrell v. Michael*, No. 1:20-CV-113, 2021 WL 3115422, at *1 (M.D.

Pa. July 22, 2021) (finding that further leave to amend would be futile because the plaintiff had been previously granted leave to amend and did not file an amended pleading). The Clerk of Court is directed to **CLOSE** this matter.

An appropriate Order follows.

**Dated: September 25, 2026**

**BY THE COURT:**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**